UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARCADIA FELICIANO,

    Plaintiff,

v.                                      Case No:  2:13-cv-278-FtM-38DNF

TARGET CORPORATION, a foreign corporation,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Defendant Target Corporation's Motion for Final Summary Judgment (Doc. #21) filed on April 18, 2014.  Plaintiff Arcadia Feliciano has not filed a response, and the time to do so has now expired.  Thus, this motion is ripe for review.

# BACKGROUND

On August 23, 2011, Plaintiff visited Defendant's retail store (the "Store") located at 8040 Mediterranean Drive, Estero, Florida.  (Doc. #2 at ¶ 4).  While shopping, Plaintiff slipped and fell on a clear liquid substance on the floor and sustained personal injuries.[2] (Doc. #21-2 at 14:22-15:2).  She did not see the liquid before falling because she was

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiff testified the liquid on the Store's floor may have been water or oil, but she did not know for certain.  (Id. at 21:7-9).

pushing a shopping cart and not looking at the floor. (Id. at 13:3-24, 14:14-15). The liquid was about the size of notebook paper and was "clear, clear, very clear, clean." (Id. at 21:10-22, 22:14-15). She did not see footprints, shopping cart tracks, or any other indication that someone had walked through the liquid. (Id. at 22:6-13). Plaintiff did not know how long the substance had been on the Store's floor before she fell, and none of Defendant's employees told her how the spill got on the Store's floor. (Id. at 22:16-18, 24:22-24). Sometime during her slip and fall, Plaintiff made an oral statement to Defendant, which was documented in its Guest Incident Report. (Doc. #21-1). After receiving Plaintiff's statement, Defendant wiped up the liquid on the floor. (Doc. #21-2 at 24:25-25:8).

Defendant has a general rule for detecting and correcting unsafe conditions: "[A]ll employees are trained to continually look out and inspect the premises to identify and correct possible unsafe conditions in an effort to keep the Store reasonably safe for Guests and Team Members." (Doc. #21-3 at 4). Before August 23, 2011, Plaintiff frequented the Store approximately once per month and never noticed any liquid spills or debris on the floor. (Doc. #21-2 at 12:5-24).

On February 27, 2013, Plaintiff commenced this action, alleging that Defendant negligently maintained the Store's premises and failed to warn her of a dangerous condition that it knew or should have known existed. (Doc. #2). After discovery closed on April 4, 2014, Defendant moved for summary judgment, arguing that it did not breach its duty to Plaintiff and that Plaintiff failed to present evidence that it had actual or constructive knowledge of the condition that caused her to slip under Florida law. (Doc. #21). For the reasons that follow, the Court will grant Defendant's motion.

## DISCUSSION

### A. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue of fact is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and draw all reasonable inferences from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment

should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

"Although negligence cases are not ordinarily subject to disposal on summary judgment, there is no rule under Florida law exempting negligence cases from disposition by summary judgment." Delgado v. Laundromax, Inc., 65 So.3d 1087, 1088 (Fla. Dist. Ct. App. 2011) (citations omitted)). "Where the facts of a case are undisputed and the evidence ultimately leads to but one conclusion, the question of negligence becomes one of law for the trial court." Gordon v. Target Corp., No. 07-80412-CIV, 2008 WL 2557509, at *4 (S.D. Fla. June 23, 2008) (citing Stirling v. Sapp, 229 So.2d 850, 853 (Fla. 1969)).

### B. Defendant's motion for summary judgment

To sustain a negligence action, the plaintiff must prove that (1) the defendant owed a duty of reasonable care to maintain the premises in a reasonably safe condition; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages. See id. at *4 (citing Fla. Stat. § 768.0710; Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. Dist. Ct. App. 1976)). "Under Florida law, a business owner owes two duties to a business invitee such as [Plaintiff]: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." Delgado, 65 So.3d at 1099 (citation omitted).

Controlling in this case is Florida Statute § 768.0755(1), which provides that a person who "slips and falls on a transitory foreign substance in a business

4

establishment, . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action not remedy it." Fla. Stat. § 768.0755(1). Constructive knowledge may be proven by circumstantial evidence showing that "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Id. The mere presence of liquid on the floor is not enough to establish constructive knowledge. See Delgado, 65 So.3d at 1090; see also Gordon, 2008 WL 2557509, at *4 ("The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable."). Further, negligence "may not be inferred from the mere happening of an accident alone." Belden v. Lynch, 126 So.2d 578, 581 (Fla. 2d DCA 1961). Additionally, "if the injured invitee fails to prove . . . that the dangerous condition existed a length of time prior to the injury in excess of a reasonable period between inspections, the possessor should not be held liable for injury caused by that dangerous condition." Wal–Mart Stores, Inc. v. King, 592 So.2d 705, 707 (Fla. 5th DCA 1991).

The case Bernard v. Target Corp., No. 13-14793, 2014 WL 1329268, at *1 (11th Cir. Apr. 4, 2014), is instructive here. While shopping at one of the defendant's retail stores, the plaintiff slipped on a liquid substance on the floor and sustained personal injuries. Id. She brought a premises liability action, which the district court dismissed on summary judgment. Id. On appeal, the Eleventh Circuit found no evidence that defendant had actual or constructive knowledge of the spill. Id. Regarding actual

knowledge, the Eleventh Circuit noted the plaintiff neither argued nor presented evidence that the defendant caused the spill.  Id.  From there, the Eleventh Circuit addressed constructive knowledge.  It found that Plaintiff had not shown that the spill existed for such a length of time that the defendant should have known about it, or that spills occurred with such regularity that the dangerous condition was foreseeable to the defendant.  Id.  The Eleventh Circuit reached this conclusion based largely on the plaintiff's testimony that (1) the liquid substance on the floor appeared to be "clean," "clear," and not "dirty"; (2) the area around the spill was "clean and dry"; and (3) she saw no footprints, cart tracks, or other marks through the spill.  Id.

In this case, the undisputed material evidence shows that Plaintiff cannot establish the essential elements of her negligence claims under Florida law.  See Celotex, 477 U.S. at 322-23.  Defendant undisputedly did not cause the liquid on which Plaintiff slipped to be on the floor; therefore, it did not have actual knowledge of the liquid to remedy it.  (Doc. #21-2 at 22:16-18, 24:22-24).   To establish Defendant's liability, therefore, Plaintiff must show that it had constructive knowledge of the liquid.  Even viewing the evidence in a light most favorable to Plaintiff, the record evidence does not support such a finding.  In fact, the record suggests a lack of notice, as Plaintiff described the liquid as "clear, clear, very clear, clean" and she saw no footprints or shopping cart tracks through the liquid.  (Doc. #21-2 at 21:11-15); see also Bernard, 2014 WL 1329268, at *1.  Additionally, there is no evidence of the liquid's source or how long it remained on the floor.  (Doc. #21-2 at 22:16-18).   Without such evidence, the Court cannot find the liquid was on the floor for such a length of time that Defendant should have known about it.  See, e.g., Wal–Mart Stores, 592 So.2d at 706–07

(reversing a jury verdict in favor of a slip-and-fall plaintiff when the spilled substance displayed no "obvious signs of age, such as skid marks, smudges, dirt or the like" and nothing evidenced how or when the substance got on the floor).  Also, there is no indication that spills or other debris regularly occurred such that the dangerous condition on the Store's floor was foreseeable to Defendant.  In fact, Plaintiff testified that she had never noticed any liquid spills or debris on the Store's floor during one of her regular trips to the Store prior to the incident.  ([Doc. #21-2 at 12:17-24](#)).  Finally, Plaintiff has come forward with no evidence that Defendant's employees neglected their ongoing responsibility to look for and correct any unsafe floor conditions in the Store during their work hours.  ([Doc. #21-3 at 4](#); [Doc. #21-2 at 24:25-3](#)).

Accordingly, the undisputed material facts demonstrate that Defendant was neither negligent in maintaining the Store's premises nor in failing to warn Plaintiff of the liquid substance on the floor.  Defendant, therefore, is entitled to summary judgment.

Accordingly, it is

**ORDERED**:

(1) Defendant Target Corporation's Motion for Final Summary Judgment ([Doc. #21](#)) is **GRANTED**.

(2) The Clerk of Court is directed to enter final judgment, terminate any pending deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record